**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2568-19

G.R.,

     Petitioner-Appellant,

v

DIVISION OF MEDICAL
ASSISTANCE AND HEALTH
SERVICES,

     Respondent-Respondent.

_____

Submitted May 10, 2021 – Decided June 23, 2021

Before Judges Currier and Gooden Brown.

On appeal from the New Jersey Department of Human Services, Division of Medical Assistance and Health Services.

G. R., appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Mark D. McNally, Deputy Attorney General, on the brief).

PER CURIAM

Appellant is a recipient of Medicaid benefits. Although he became employed shortly after he was deemed eligible for benefits, he did not report his income to Medicaid.

On October 8, 2019, the Union County Division of Social Services advised appellant by letter that he owed $9243.68 to the State of New Jersey, Department of Human Services, Division of Medical Assistance and Health Services (Division) for failing to report earned income. The letter informed appellant he had the right to request a fair hearing, and that the request must be made within twenty days of receiving the letter. The letter included a request form to be completed and returned by appellant as well as a phone number to contact if assistance was needed.

The Division received the fair hearing request form from appellant on December 31, 2019. The request form was signed December 26 and the mailing envelope was dated December 27, 2019. On January 15, 2020, the Division denied the hearing request as out of time.

On appeal, appellant contends he was not able to meet the twenty-day deadline because he was working full-time and caring for his mother.

Our standard of review that applies in an appeal from a state agency decision is well established. "Judicial review of an agency's final decision is

generally limited to a determination of whether the decision is arbitrary, capricious, or unreasonable or lacks fair support in the record." Caminiti v. Bd. of Trs., Police & Firemen's Ret. Sys., 431 N.J. Super. 1, 14 (App. Div. 2013) (citing Hemsey v. Bd. of Trs., Police & Firemen's Ret. Sys., 198 N.J. 215, 223-24 (2009)). In reviewing an administrative decision, we ordinarily recognize the agency's expertise in its particular field. Ibid.

The issue presented for our consideration is whether the Division reasonably denied appellant's December 31, 2019 fair hearing request as untimely.

Under N.J.A.C. 10:49-10.3(b)(3), "[c]laimants shall have [twenty] days from the date of notice . . . in which to request a hearing . . . ." In the Division's letter advising appellant he owed monies for failing to comply with Medicaid regulations, he was also advised of the twenty-day timeframe within which to request a hearing. He did not request a hearing until eighty-four days later.

Although sympathetic to appellant's proffered reasons for the delay, we note that the twenty-day deadline was set forth in the October 8 letter and the fair hearing request form was provided. In addition, appellant's mother was admitted into a nursing home on November 29, 2019. Yet, he did not request a

hearing for another thirty-two days, rendering his request still beyond the hearing request deadline.

Appellant has not demonstrated a clear showing to disturb the Division's determination.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2568-19